35 F.3d 568
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lacarttle JONES, Plaintiff-Appellant,
v.
David SANDAHL, Michael Bond, and Edwina Arington,
Defendants-Appellees.
 No. 93-1704.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 9, 1994.[1]
Decided Sept. 7, 1994.
 
 Before POSNER, Chief Judge, and EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff LaCarttle Jones, an inmate at the Shawnee Correctional Center in Illinois, filed this appeal from a magistrate judge's entry of summary judgment in favor of defendants.[2]
 
 
 2
 In his action filed pursuant to 42 U.S.C. Sec. 1983, plaintiff alleged that defendants discriminated against black inmates in the assignment of prison jobs; and that in retaliation for plaintiff's filing a grievance seeking a scheduled pay raise, defendants removed him from his job as law clerk in the prison law library and assigned him to janitorial duties. Defendants respond that they do not discriminate against blacks, and that plaintiff lost his job because he was charging inmates for his legal assistance in the library.
 
 
 3
 While the initial burden is on the party moving for summary judgment to show the absence of a genuine issue of material fact, Fed.R.Civ.P. 56(e), once a properly supported motion is made, the burden shifts to the opposing party to respond with specific facts demonstrating a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). An issue of fact is material and will preclude summary judgment if it would affect the outcome of the suit under governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
 
 Discriminatory Job Assignments
 
 4
 A policy of deliberate racial discrimination in the administration of a prison violates the equal protection clause of the Fourteenth Amendment. Wolff v. McDonnell, 418 U.S. 539, 556 (1974); Black v. Lane, 824 F.2d 561, 562 (7th Cir.1987); Madyun v. Thompson, 657 F.2d 868, 874 (7th Cir.1981). In order to establish an equal protection violation based on racial discrimination in the delegation of job assignments to inmates, plaintiff must sufficiently show a discriminatory purpose as the motivating factor; it is not enough to show that employment practices have a discriminatory impact on black inmates. See Castaneda v. Partida, 430 U.S. 482, 493 (1977); Arlington Heights v. Metropolitan Housing Development Corp, 429 U.S. 252, 265-66 (1977); Washington v. Davis, 426 U.S. 229, 239 (1976). Statistical evidence together with other evidence can show discriminatory intent sufficient to establish a prima facie case. McCleskey v. Kemp, 481 U.S. 279, 293-94 (1987); Arlington Heights, 429 U.S. at 265.
 
 
 5
 The record shows that black law library clerks were employed both before and after plaintiff's employment as a law clerk. There is nothing in the record to show that the prison officials had a racially discriminatory intent in hiring inmates to work in the prison law library. The prison librarian, Arrington, stated that she never hired on the basis of race. Plaintiff provided no evidence to show that white inmates hired to work in the library were not qualified. Plaintiff's conclusory assertions that he was more qualified than they fail to meet the summary judgment burden.
 
 
 6
 We conclude that no factual disputes regarding defendants' discriminatory intent preclude summary judgment, and defendants are entitled to judgment as a matter of law as to this claim.
 
 Retaliatory Job Transfer
 
 7
 While a prisoner has no constitutional right to prison employment, Wallace v. Robinson, 940 F.2d 243, 245, 248 (7th Cir.1991) (en banc ), prison officials may not use his assignment of jobs to retaliate against a prisoner for exercising his First Amendment right to file administrative grievances, even if those job assignments would be proper when taken for a different reason. See Cain v. Lane, 857 F.2d 1139, 1143 & n. 6 (7th Cir.1988); Harris v. Fleming, 839 F.2d 1232, 1237-38 (7th Cir.1988).
 
 
 8
 Defendants offered a legitimate, non-discriminatory reason for removing plaintiff from his position as law clerk[3]--he was charging inmates for his services. Defendants have the right to administer the prison law library in such a way that inmates may obtain legal assistance without paying other inmates.
 
 
 9
 The most compelling point in the record is that throughout the various pro se documents filed by plaintiff he never denies that he was charging inmates for his legal assistance. Instead, he offers a variety of other arguments in response to the non-discriminatory reason given by defendants: that no one told plaintiff there were complaints until after he filed his grievance; that Chaplain Miller complained about plaintiff charging inmates because plaintiff tried to charge the chaplain for work on the chaplain's pending appeal before the Illinois Appellate Court; and that no one had specifically identified him (apparently in some type of show-up) as the law clerk who was charging fees. None of this even remotely challenges the non-discriminatory reason given by defendants for firing plaintiff.
 
 
 10
 Finally, the warden and education facility administrator both filed affidavits stating that they had no personal involvement in Arington's decision to fire plaintiff. These two officials could not be held liable for a constitutional violation because the conduct complained of was not at their direction or with their knowledge and consent. See Crowder v. Lash, 587 F.2d 996, 1005 (7th Cir.1982).
 
 
 11
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [2]
 The parties had consented to final entry of judgment by a magistrate judge pursuant to 28 U.S.C. Sec. 636(c)
 At the relevant time, defendant Sandahl was warden, Bond was the education facility administrator, and Arrington was the librarian.
 
 
 [3]
 Plaintiff makes much of the fact that he was a law research clerk and not a mere law library clerk. It makes little difference. In regard to the retaliation claim, a plaintiff need only show that he was retaliated against for having filed the racial discrimination grievance; it is not necessary that the grievance be successful. In regard to the racial discrimination claim, even if defendants were vague as to which position plaintiff was assigned to, nothing in the record supports a claim that defendants had a policy of assigning only blacks to the lower-paying job, while only whites received the higher-paying job